UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CODY L. BARKLEY, | |
| Plaintiff, | |
| v. | No. 1:25 CV 177 |
| MASON WILLS, et al., | |
| Defendants. | |

### OPINION and ORDER

Cody L. Barkley, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Barkley alleges that, on April 1, 2025, Officer Wills and other Fort Wayne police officers pulled him over, and he fled from them by vehicle and on foot. When the police officers found him lying behind a dirt pile, they applied substantial pressure to the back of his head and ribs, causing difficulty breathing and a near loss of consciousness and resulting in injuries to his lips, nose, and eyes. They also

handcuffed him in a manner that made him uncomfortable, and he spent eight hours at the hospital before he was cleared for custody.

Based on these allegations, he asserts a claim of excessive force against Officer Wills, Officer Souther, and the Fort Wayne Police Department. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009). "Factors relevant to the reasonableness inquiry include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016) (quotation marks omitted). The allegations plausibly state a Fourth Amendment claim of excessive force against Officer Wills.

However, Barkley may not proceed against Officer Souther because he does not explain how she was personally involved with the use of force that occurred during his arrest. *See Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) ("A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused

the unconstitutional actions."). Additionally, the Fort Wayne Police Department is not a suable entity because it is merely a division of the City of Fort Wayne. *See Hounshel v. Bade*, 2024 WL 1908120, at *2 (S.D. Ind. May 1, 2024) ("This Court has consistently dismissed claims against Indiana municipal police departments at the pleadings stage because municipal police departments are not suable under Indiana law."); *Martin v. Fort Wayne Police Dep't*, 2010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010) (finding that the defendant was not a suable entity); *see also King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014) (plaintiff must identify a policy or custom that caused the constitutional violation for a Section 1983 claim against a municipal entity). Therefore, Barkley may also not proceed against the Fort Wayne Police Department.

For these reasons, the court:

(1) **GRANTS** Cody L. Barkley leave to proceed against Mason Wills in his individual capacity for compensatory and punitive damages for using excessive force against him on April 1, 2025, in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Stephanie Souther and the Fort Wayne Police Department;

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mason Wills at Fort Wayne Police Department, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** Fort Wayne Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Mason Wills to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: May 29, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT